## LANKFORD *vs.* KEITH & WEIR, Use, &c.

1. In reviewing the decision of an inferior court upon a question as to the competency of a witness, the Appellate Court will only look to the facts disclosed to that court, and will not consider other facts which were not brought to its view.

2. But when the incompetency of the witness is made to appear, in part by the record or the papers of the cause, and in part by parol proof, the Appellate Court will not infer that the court below looked only to the parol proof, irrespective of the record; especially, where the parol proof points to the particular paper in the cause which shows his interest.

3. An agent who sues out an attachment in the name of his principal, and executes an attachment bond purporting to bind the principal only, to which he signs his principal's name, and his own as agent, is an incompetent witness for the principal in the attachment suit.

Error to the Circuit Court of Benton.

Tried before the Hon. L. P. Walker.

This suit was commenced by attachment, in the name of Keith & Weir for the use of Eliza Jane Tate, against the plaintiff in error. The affidavit for the attachment was made by William M. Weir, as agent for Mrs. Tate: and on the trial, the plaintiff offered said Weir as a witness. The defendant then proved, that the witness was the same person who had acted as plaintiff's agent in suing out the attachment, and that he signed the bond for her as her agent; and on this proof objected to his competency as a witness. The court overruled the objection, and allowed the witness to testify, and the defendant excepted. The bond which is copied into the record, purports on its face to bind Eliza Jane Tate and G. M. Crouch only, but it is signed thus: "Eliza Jane Tate, [seal] Wm. M. Weir, agent, [seal] G. M. Crouch, [seal]."

Parsons & White, for plaintiff in error:

1. The attachment was sued out by Weir, as the agent of the usee, and the bond is signed by him individually, as one of the co-securities. Weir then was incompetent as a witness for the plaintiff, being primarily liable on the attachment bond if the suit failed; and but for his evidence, in proving

a subsequent promise after Lankford's discharge in bankruptcy, the suit would have failed. Shiras v. Morris, 8 Cowen, 60; Emerton v. Andrews, 4 Mass. 653.

2. The interest of Weir being made to appear, otherwise than by his own examination, he is incompetent to prove that he was an agent merely. Dent v. Portwood, 17 Ala. 242; Herndon v. Givens, 19 ib. 313.

J. B. MARTIN, *contra:*

The objection made to the witness was: "that the defendant showed that witness was the same Wm. M. Weir who sued out the attachment in the cause, as the agent of the plaintiff, and that he signed the bond for the usee, as her agent;" no bond is incorporated in the bill of exceptions, or made a part of the record. The bond found in the transcript will not be considered by the court, because: 1. It is in no way made a part of the record, 9 Ala. 450; 2. If it should be held by the court to be a bond which imposed a personal obligation on the witness, then it is manifest that this bond is not the one referred to in the bill of exceptions; 3. The court will presume, that such a bond as is described in the bill of exceptions was executed, in order to render the witness competent; 4. To construe the defendant's objection to apply to this bond, would be to take the plaintiff by surprise: to exclude the witness upon a new and totally different ground, from the one taken in the court below; and one, too, which, had it been taken, might have been obviated by the execution of a new bond.

Does the fact, that the witness was the agent who sued out the attachment, render him an incompetent witness for plaintiff? If so, it must be for the reason, that he would be liable to the defendant for having sued it out wrongfully and maliciously. This is not a sufficient reason for his exclusion; because, not being a party to the attachment suit, the judgment therein recovered could not be given in evidence against him, in a suit by defendant. 1 Phil. Ev. 247; ib. 250; 11 Ala. 607; 14 Johns. 79; 18 ib. 352; 1 Munf. 373. The fact that the judgment was procured upon the testimony of the witness, would exclude it as evidence in a suit against him. 14 Johns. 83; 4 Taunt. 18; 4 Day's R. 431. And our statute

destroys to a great extent the effect of a judgment in an attachment suit, in a suit subsequently brought for damages, by refusing to allow the defendant to controvert the ground on which the attachment was sued out. 16 Ala. 765; 17 ib. 167.

But, should these positions be erroneous, it is then insisted, that, if the witness be at all interested, it is an interest of such an indefinite, uncertain and contingent character, as will not exclude him. 4 Dana, 100; 2 Florida R. 58; ib. 408; 9 Ala. 219; 5 Wend. 55; 1 Johns. 487.

DARGAN, C. J.—It is conceded in the argument, that the witness was in fact interested, being bound on the bond as it appears in the record. But it is insisted, that the bond was not before the court, when the question was made in the court below, and that the question was decided exclusively upon the parol proof, showing that the witness was the plaintiff's agent in suing out the attachment, and that he signed the bond for her as agent; and, looking to this proof alone, that it does not render him incompetent. But, we think, that the question must have been decided by the court below, in view both of the bond and the parol proof that was offered. The bond constituted a part of the record, or of the papers in the cause, and the parol evidence could only have been introduced to show that the witness was the same person who acted as the plaintiff's agent in suing out the attachment, and who signed the bond. We cannot well conceive how the court would have decided the question, without considering the bond, or rather without looking at its legal effect as respects the interest of the witness.

It is true, that in reviewing the decision of the court below, upon a question of the competency of a witness, we ought to look to the facts, as they were disclosed to that court, and should not consider other facts not brought to the view of the court below. But when the incompetency of the witness is made to appear in part by the record, or the papers in the cause, and in part by parol proof, we cannot infer that the court looked to the parol proof alone, irrespective of the record; especially, when the parol proof points to the particular paper in the cause which shows the interest of the wit-

ness. In the case before us, the bond was one of the papers in the cause, and the parol proof showed that the witness, as the agent of the plaintiff, signed it. We cannot think that the court decided the question without considering the bond; consequently, we infer that the court allowed the witness to testify, in view both of the bond and the parol proof connecting the witness with it, and so considered his interest clearly appeared, and the court erred in permitting him to testify.

Let the judgment be reversed, and the cause remanded.